# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1945V
UNPUBLISHED

| | |
|---|---|
| DIANA KARANXHA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 27, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Causation-In-Fact; Influenza (Flu)<br>Vaccine; Left Axillary Nerve Injury. |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC*, for petitioner.

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC*, for respondent.

### RULING ON ENTITLEMENT[1]

On December 19, 2018, Diana Karanxha, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered a left axillary nerve injury as a result of her October 6, 2016 influenza ("flu") vaccination.  Petition at 1-9.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 27, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, Respondent indicates that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

DICP has determined that petitioner's alleged injury is not consistent with a Table injury for SIRVA because her pain was not consistent with a musculoskeletal injury to the structures of the shoulder caused by an inflammatory reaction, as required by the Qualifications and Aides to Interpretation that are appended to the Vaccine Injury Table. *See* 42 U.S.C. § 300aa-14 and 42 CFR § 100.3 (c)(10). Rather, petitioner's pain is consistent with a left axillary nerve injury.

Nonetheless, DICP has concluded that a preponderance of the medical evidence establishes that petitioner's left axillary nerve injury was caused-in-fact by the flu vaccine she received on October 6, 2016. DICP did not identify any other cause for petitioner's injury, and the medical records outlined above demonstrate that she suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master