# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1945V
UNPUBLISHED

| | |
|---|---|
| DIANA KARANXHA,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: February 28, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Left Axillary<br>Nerve Injury |

*Jessica Olins*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.

*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On December 19, 2018, Diana Karanxha, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left axillary nerve injury as a result of her October 6, 2016 influenza ("flu") vaccination. Petition at 1-9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 27, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a left axillary nerve injury. On February 27, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $120,000.00. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $120,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| DIANA KARANXHA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>　　　　Respondent. | No. 18-1945V   ECF<br><br>Chief Special Master Corcoran |

## PROFFER ON AWARD OF COMPENSATION[1]

**I.   Procedural History**

On December 19, 2018, Diana Karanxha ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"). Petitioner alleges that she suffered a left axillary nerve injury from an influenza ("flu") vaccine administered on October 6, 2016. *See* Petition at 1-9. On January 27, 2020, respondent filed his Vaccine Rule 4(c) report, conceding that petitioner was entitled to compensation. On January 27, 2020, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation.

**II.   Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$120,000.00**. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

### III.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$120,000.00**, in the form of a check payable to petitioner.[2] Petitioner agrees.

                                             Respectfully submitted,

                                             JOSEPH H. HUNT
                                             Assistant Attorney General

                                             C. SALVATORE D'ALESSIO
                                             Acting Director
                                             Torts Branch, Civil Division

                                             CATHARINE E. REEVES
                                             Deputy Director
                                             Torts Branch, Civil Division

                                             ALEXIS B. BABCOCK
                                             Assistant Director
                                             Torts Branch, Civil Division

                                             */s/Darryl R. Wishard*
                                             DARRYL R. WISHARD
                                             Senior Trial Attorney
                                             Torts Branch, Civil Division
                                             U. S. Department of Justice
                                             P.O. Box l46, Benjamin Franklin Station
                                             Washington, D.C.  20044-0146
                                             Direct dial: (202) 616-4357
Dated:  February 27, 2020               Fax: (202) 616-4310

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.